UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA MAUDALENA OROZCO SANDOVAL,<br><br>               Petitioner,<br><br>               v.<br><br>LUIS SOTO, et al.,<br><br>               Respondents. | Civil Action No. 25-17960 (MAS)<br><br>**MEMORANDUM ORDER** |

      This matter comes before the Court upon correspondence submitted by Petitioner following the bond hearing ordered by this Court. (ECF No. 10.) By way of background, in her petition, Petitioner contended that she was improperly subject to detention under 8 U.S.C. § 1225(b)(2). (ECF No. 1.) This Court agreed, and on December 30, 2025, ordered that the Government provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 8.) Petitioner received her bond hearing before an immigration judge on January 2, 2026. The immigration judge denied bond, finding that Petitioner had not met her burden to show that she was not a flight risk. (ECF No. 10-1 at 1.)

      In her current correspondence, Petitioner, who received the process this Court determined was due, now requests that the Court order her release because she strongly disagrees with the immigration judge's findings and believes that her disagreement is sufficient to warrant further relief. Petitioner is mistaken. As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be

accorded a bond hearing at which they bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e).

Here, Petitioner received the bond hearing that she was due. Although the outcome was not in her favor, Petitioner's disagreement with the immigration judge's decision is not a valid basis for relief, and this Court has no authority to set aside the immigration judge's decision denying bond in this case. To the extent Petitioner disagrees with the outcome of her bond hearing, she has two options: (1) file a bond appeal with the Board of Immigration Appeals; or (2) file a bond redetermination request to the extent she can show changed circumstances. Petitioner's request is, consequently, denied. Because Petitioner has received the process to which she is entitled and is not entitled to further relief, this matter shall be closed.

**IT IS THEREFORE** on this 8th day of January, 2026, **ORDERED** that:

1. Petitioner's request for release (ECF No. 10) is **DENIED**; and
2. The Clerk of the Court shall serve a copy of this Order upon the parties electronically and shall **CLOSE** the file.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE